# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2021

Lyle W. Cayce
Clerk

No. 20-50010
Summary Calendar

David Beall,

*Plaintiff—Appellant*,

*versus*

Sheri J. Talley, *Medical Doctor*; Sabra B. Hill, *Registered Nurse*;
Keith W. Seidel, *Nurse Practitioner*; Claudia N. Alexander,
*Licensed Vocational Nurse*; Catarina M. Quiroz, *Licensed Vocational
Nurse*; Criselda B. Gochicoa, *Registered Nurse*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:17-CV-33

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

David Beall, former Texas prisoner # 1729786, appeals the district
court's dismissal of his 42 U.S.C. § 1983 civil rights action against various

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50010

prison and medical officials. In his § 1983 suit, he asserted that the defendants were liable for damages because they allowed him to be exposed to tuberculosis at the Fort Stockton Unit and then failed to inform him of his positive tuberculosis test results or provide him with the necessary medical treatment while he was detained there.

With respect to the six defendants summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1) in the February 2017 order, Beall raises only a vague one-sentence argument about unnamed prison officials failing "to institute [a] system to prevent the spread of tuberculosis." This is insufficient to brief a challenge to the § 1915A(b)(1) dismissal of his claims against these six defendants, and Beall has abandoned any such challenge he could have raised. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

As respects the August 2018 order dismissing three defendants based on Beall's failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), he fails to brief, and thereby abandons, any challenge to the district court's conclusion that his claims against two of the defendants were barred on qualified immunity grounds. *See Yohey*, 985 F.2d at 224-25. Additionally, Beall fails to show that the district court erred in dismissing his claims against the third defendant for deliberate indifference to his serious medical needs based on its determination that Beall had failed to allege that the defendants were aware of his tuberculosis test results. His new factual allegation that these defendants knew that he had tuberculosis may not be considered for the first time in this appeal. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

Finally, Beall fails to address, and thereby abandons, any challenge to the district court's December 2019 summary judgment dismissal of his claims against three defendants based on his failure to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). *See Yohey*, 985

2

No. 20-50010

F.2d at 224-25.  In light of the foregoing, the judgment of the district court is AFFIRMED.